# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY ROX,** | : | Case No. 1:08-CV-2942 |
| **Petitioner,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| **ROBERT WELCH,** | : | **ORDER** |
| Warden | : | |
| **Respondent.** | : | |

Jeffrey Rox has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional sufficiency of his 2006 state court convictions for aggravated robbery and having a weapon while under disability. Pursuant to Local Rule 72.2(b) and 28 U.S.C. § 636, Rox's petition was referred to Magistrate Judge Kenneth S. McHargh ("Judge McHargh") for preparation of a Report and Recommendation ("R&R").

Judge McHargh issued his R&R on July 12, 2010, recommending that Rox's petition be denied. (Doc. 14.) At the conclusion of the R&R, Judge McHargh specifically advised the parties of their right to object to the R&R, and explained that failure to do so within fourteen (14) days of receipt would result in waiver of any right to appeal. (*Id*. at 11.)

In cases that are referred to a magistrate judge for preparation of an R&R, the Federal Magistrates Act requires that a district court conduct a *de novo* review only of those portions of the R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C) ("A judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As the Supreme Court has

indicated, § 636(b)(1)(C) "does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

The Sixth Circuit has consistently held that failure to file objections to an R&R constitutes waiver of the right to appeal. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("This court has repeatedly held that a defendant *must* file such objections in order to preserve the issue for appeal. A failure to do so results in a waiver of that issue.") (citations omitted); *Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986) (noting that the Supreme Court in *Thomas v. Arn*, "specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation"); *Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir. 2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review.") (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).

Rox has not filed any objections to the R&R, and the time period for doing so has expired.[1] Because Rox has not objected to any portion of the R&R, he has waived his right to challenge Judge McHargh's findings, and it is unnecessary to review this matter further. Accordingly, the Court **ADOPTS** the R&R. Rox's petition (Doc. 1) is **DENIED**, and his case is **DISMISSED**.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. In addition, the Court will not issue a certificate of appealability

---

[1] Rox sought and obtained two 30 day extensions of time to respond to the R&R (Docs. 15 & 16), and was granted an additional 14 day extension from the date on which the Court denied his motion to hold the case in abeyance (Doc. 18).

in this case, because Rox has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                  **s/Kathleen M. O'Malley**
                                                  **KATHLEEN McDONALD O'MALLEY***

**Dated: January 14, 2011**

    * *United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.*